IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.  05-CR-00513-EWN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KYLE ALAN BARKER,

    Defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS FOR ORDER OF DETENTION

This matter is before the court for detention hearing on December 8, 2005.  The court has taken judicial notice of the pretrial release report and the court's file.  In addition, the court has considered the proffer by defendant and the arguments by the parties. The court now being fully informed makes the following findings of fact, conclusions of law and order.

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

      (3)      the history and characteristics of the person, including –

            (A)      the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

            (B)      whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

      (4)      the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report, the entire court file and the proffer by the defendant. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment with Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d) and with Use or Carrying of a Weapon During the Commission of a Crime of Violence in violations of 18 U.S.C. § 924(c). Based upon the Indictment probable cause has been established as to these offenses.

Second, I find that the defendant does not have place to reside since his parents are not willing to allow him to live with them. The defendant has a prior felony conviction on his criminal record for Second Degree Burglary and has also suffered some traffic violation convictions. The defendant has had his probation revoked in the past and he has one prior failure to appear. The nature and circumstances of this case involves the use of a deadly weapon in a bank robbery. The rebuttable presumption of detention applies in this case and the defendant has not rebutted this presumption

Based upon these findings, I find, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure that the defendant will appear at future court appearances and the safety of the community. Accordingly, I order that the defendant be detained without bond.

Done this 8th day of December 2005.

BY THE COURT
S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge